UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MORGAN KEEGAN & CO., INC. AND
MORGAN ASSET MANAGEMENT, INC.

CIVIL ACTION

VERSUS

NO. 11-565-BAJ-SCR

FIREFIGHTERS' RETIREMENT SYSTEM

## ORDERS

This matter is before the Court on several motions: (1) a motion by plaintiffs to compel arbitration (doc. 7); a motion for expedited hearing on the motion to compel arbitration (doc. 8); a motion by defendant to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (doc. 9); and a motion by plaintiffs for a status conference (doc. 17). The motions have been extensively briefed by all parties (docs. 12, 18, 19, 24, 25, and 26). Jurisdiction is alleged under 28 U.S.C. § 1332.

## BACKGROUND

On August 19, 2011, plaintiffs, Morgan Keegan & Co., Inc. and Morgan Asset Management, Inc., filed the complaint in this matter seeking to compel defendant, Firefighters' Retirement System, to submit to arbitration. The complaint notes that defendant had filed suit against Morgan Asset Management, Inc. and others in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on June 12, 2008, seeking approximately $30,000,000.00 in damages arising from alleged misrepresentations, omissions, and fraudulent activity (doc. 1, §§ 12-15). The complaint further asserts that plaintiffs in this matter moved in the

state court proceeding to compel arbitration of the claims pursuant to the arbitration clause of the contract between the parties, but, on July 11, 2011, the state court denied the motion to compel arbitration, and the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court denied applications by plaintiffs for supervisory writs on July 19, 2011 and August 1, 2011, respectively (*Id.* at §§ 19-25).

The complaint alleges that the state court applied preempted state law in its ruling on the motion to compel arbitration (*Id.* at § 26). Plaintiffs also argue that the Louisiana Supreme Court's denial of a supervisory writ does not constitute a final judgment under Louisiana law and, therefore, does not deprive this Court of subject matter jurisdiction (*Id.* at 27).

The Court first notes defendant's assertion that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). A federal district court must always first address the issue of its subject matter jurisdiction. See e.g. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

2

Case 3:11-cv-00565-BAJ -SCR   Document 33   01/24/12   Page 2 of 7

> Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 16 F.3d 315, 317 (5th Cir. 1994). A state court judgment is attacked for purposes of *Rooker-Feldman* "when the [federal] claims are inextricably intertwined with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003), or where the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The doctrine, however, does not preclude federal jurisdiction over an "independent claim," even one that denies a legal conclusion that a state court has reached." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 16 L.Ed.2d 454 (2005).

*Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011).

As the parties note, the *Rooker-Feldman* doctrine applies in limited situations where "the losing party in state court filed in federal court after state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment" (doc. 25, p. 2, quoting *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291(2005).[1] The issues before the Court, therefore, are whether plaintiffs filed the present complaint after state proceedings ended for purposes of the *Rooker-Feldman* doctrine and whether plaintiff is seeking review and rejection of the state court judgment.

---

[1] Plaintiffs quote from the same sentence in *Exxon-Mobil*, but assert that the *Rooker-Feldman* doctrine "only can apply where the 'state proceedings [have] ended' before filing of the federal suit" (doc. 12, p. 10 (quoting *Exxon-Mobil*, 544 U.S. at 291)).

3

Plaintiffs argue that the state court decision regarding arbitration is merely a non-final, interlocutory decision that fails to trigger the *Rooker-Feldman* doctrine. In support of that argument plaintiffs assert that "the *Rooker-Feldman* doctrine does not apply 'to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel.' *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729-30 (5th Cir. 2011); see also *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460-61 (5th Cir. 2004) (same)."

The Court, however, notes that the Fifth Circuit, in Del-Ray Battery, actually stated that:

> We have previously held that "the *Rooker-Feldman* bar <u>generally</u> should not extend to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel." *Ingalls v. Erlewine (In re Erlewine)*, 349 F.3d 205, 210 (5th Cir. 2001); see also *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460-61 (5th Cir.2004).

*Del Ray Battery*, 635 F.3d at 730 (emphasis added).

It is undisputed that plaintiffs filed this action after the state court denied the motion to compel arbitration and after the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court denied supervisory writs. In 2008, this Court addressed a similar issue in *MAPP Construction, LLC v. M&R Drywall, Inc.*[2] In that case, an arbitrator had ordered the defendant, M&R Drywall, Inc. ("M&R Drywall"),

---

[2]Civil Action No. 07-907-JVP-DLD.

Case 3:11-cv-00565-BAJ -SCR   Document 33   01/24/12   Page 4 of 7

to be joined as an additional party to a pending arbitration proceeding, but M&R Drywall refused to participate. In a state court action, MAPP Construction, LLC ("MAPP"), filed a motion to compel M&R Drywall to participate in the arbitration proceedings. The state court, however, denied the motion upon finding that M&R Drywall was not contractually bound to arbitrate. MAPP sought supervisory review of the decision, but both the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court denied MAPP's applications for supervisory writs. MAPP then filed a complaint in this court seeking a judgment confirming the arbitrator's decision and ordering M&R Drywall to be joined as an additional party to the arbitration proceeding.

This Court concluded that it lacked jurisdiction over the matter because "MAPP essentially seeks to have a federal district court review the final judgment of a state court."[3] In an unpublished decision, the Fifth Circuit stated:

> The district court rightfully dismissed the case for lack of jurisdiction. *Rooker-Feldman* precludes a federal district court from proceeding in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); see also *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206

---

[3] 07-cv-907-JVP-DLD (doc. 23, p. 7).

5

Case 3:11-cv-00565-BAJ -SCR   Document 33   01/24/12   Page 5 of 7

(1983). The doctrine "provides that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir.2000) (quoting *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303). *Rooker - Feldman* bars direct review in the lower federal courts of a decision reached by the highest state court, because such authority is vested only in the Supreme Court. *Id.* at 199. *Rooker-Feldman* is a bar not only to claims actually litigated in state court, but also to claims that are "inextricably intertwined" with those that were litigated. *Feldman*, 460 U.S. at 486-87, 103 S.Ct. 1303. Thus, review is precluded by *Rooker-Feldman* whenever "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root*, 211 F.3d at 202 (internal citation omitted).

* * *

Because Appellant asked the district court to address the exact issue that was decided by the Louisiana state court-whether the subcontract binds M&R to arbitrate-*Rooker-Feldman* prohibited the district court from exercising jurisdiction.

*MAPP Const., LLC v. M&R Drywall, Inc.*, 294 Fed.Appx. 89, 90-91 (5th Cir. 2008).

Similarly to the plaintiff in *MAPP*, plaintiffs in the present matter filed the federal action after receiving an adverse ruling in the state district court and after the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court had both denied applications for supervisory writs on the issue. Moreover, plaintiffs seek, as did the plaintiff in *MAPP*, to have this Court determine that the state court wrongly decided the arbitration issue. As in *MAPP*, an appeal of the state district court decision on arbitration could occur only upon the court's resolution of the

6

merits of the underlying disputes, thus rendering the issue of arbitration moot before the appeal could occur. Thus, litigation of the arbitration issue in state court ended, just as it ended in *MAPP,* when the Louisiana Supreme Court denied the application for supervisory review and refused its only opportunity to alter the state district court decision.

Accordingly, plaintiffs in the present matter seek to have this court do exactly what *Rooker-Feldman* aims to prevent–and what the Fifth Circuit rejected in *MAPP*– entertain appellate review of a state court judgment.

## CONCLUSION

For all of the foregoing reasons, the motion by Defendants to dismiss for lack of jurisdiction (doc. 9) is **GRANTED** and this matter shall be dismissed.

Baton Rouge, Louisiana, January 23, 2012.

---
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA